UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ELENA ACOSTA, DARRELL ACOSTA, and
ORLANDO DEJESUS,

                                 Plaintiff,

       -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") ALDO YUBINI
(Shield No. 8600), GLEB ANDREYEV, P.O. JOHN
DOE's 1-10,

                                 Defendants.
-------------------------------------------------------------------------x

**AMENDED COMPLAINT
AND DEMAND
FOR A JURY TRIAL**

**Index No. 15-CV-02207
(ILG)(RLM)**

        Plaintiffs ELENA ACOSTA, DARRELL ACOSTA, and ORLANDO DEJESUS, through their attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC as and for their complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiffs ELENA ACOSTA, DARRELL ACOSTA, and ORLANDO DEJESUS rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis arrested them without justification. By reason of defendants' actions, including the unreasonable and unlawful seizure of their persons, Plaintiffs were deprived of their constitutional rights.

3. Plaintiffs seek an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiffs' claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff ELENA ACOSTA ("ACOSTA") was at all times relevant to this action a resident of the County of Kings in the State of New York.

8. Plaintiff ORLANDO DEJESUS ("DEJESUS") was at all times relevant to this action a resident of the County of Kings in the State of New York.

9. Plaintiff DARRELL ACOSTA ("DARRELL") was at all times relevant to this action a resident of the County of Kings in the State of New York.

10. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. NYPD Officer ("P.O.") ALDO YUBINI (Shield Number 8600) ("YUBINI"), and P.O. JOHN DOE's 1-10, (collectively referred to as "individuals defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. Defendant GLEB ANDREYEV is a retired officer and agent of the NYPD, acting for and on behalf of the NYPD at all times relevant herein, under color of state law, with the power and authority vested in him as an agent of the NYPD, incidental to his former duties as a trained officer of the NYPD, and as supported by the actions and statements of active duty officers present at the time of the events complained.

13. The individual defendants are being sued herein in their individual capacities.

14. The true name and shield number of defendant P.O. JOHN DOE's 1-10 is not currently known to the plaintiff.[1]  However, they were employees or agents of the NYPD on the date of the incident.  Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true name and shield number of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defense in this action.

15. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

16. The individual defendants' acts hereafter complained of were carried out intentionally,

---

[1]     By identifying said defendants as "John Doe," plaintiff is making no representations as to the gender of said defendants.

recklessly, with malice, and in gross disregard of plaintiff's rights.

17. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

18. On November 4, 2012, at approximately 11:00 p.m., plaintiffs ELENA ACOSTA, DARRELL ACOSTA, and ORLANDO DEJESUS were unlawfully arrested by P.O. YUBINI at or about 294 Baden Place in Richmond County in the City and State of New York.

19. Plaintiffs were heading to remove debris and assist with repairs on a home located at 347 Greeley Avenue, an area significantly impacted by Hurricane Sandy and therefore vulnerable.

20. Mr. DEJESUS carried a small legal folding knife on his person inside the vehicle for the purpose of cutting sheet rock as necessary to repair hurricane damage to the home.

21. Given poor road conditions, plaintiffs were forced to take a detour. Plaintiffs pulled the vehicle to the side of the road to stop, turn on their GPS, and call a family member for alternate directions to the home.

22. Thereafter, the car was approached by GLEB ANDREYEV ("ANDREYEV").

23. ANDREYEV tapped on the window of plaintiffs' vehicle with a gun and demanded that they exit the vehicle.

24. ANDREYEV identified himself as a police officer.

25. Upon information and belief, ANDREYEV is a retired police officer and was carrying a service weapon issued by the NYPD.

26. At gunpoint, ANDREYEV forced plaintiffs to lie down on the ground between the sidewalk and their vehicle.  He interrogated plaintiffs as to their purpose for being at that location, to which they explained they were helping to fix a family member's home and provided the address.

27. ANDREYEV then searched the vehicle, finding only some clothing.

28. ANDREYEV called 9-1-1, identified himself as a retired police officer, and requested police backup at the scene, utilizing police codes.

29. A number of cars arrived thereafter with P.O. YUBINI and P.O. JOHN DOE's 1-10.  The officers exited their vehicles and approached plaintiffs and ANDREYEV.

30. ANDREYEV put down his gun.  Arriving officers spoke with ANDREYEV.

31. Plaintiffs attempted to speak to arriving officers, but were ignored and instructed to remain lying on the floor near their vehicle.

32. A female officer identified ANDREYEV as an officer, and informed plaintiffs they needed to remain where they were and obey ANDREYEV.

33. The vehicle was searched, but nothing as found inside the vehicle apart from a few articles of clothing.

34. Plaintiffs were forced to remain on the ground, littered with trash and hurricane runoff, for less than an hour.

35. Finally officers informed plaintiffs they were being arrested for "looting" and placed handcuffs on plaintiffs.

36. ORLANDO DEJESUS informed officers he had a legal folding knife on his person for the purposes of repairs.  Officers confiscated the knife.

37. Upon information and belief, P.O. YUBINI and P.O. JOHN DOE's 1-10 did not arrest or detain ANDREYEV further.

38. Plaintiffs were questioned separately at the precinct.

39. ELENA ACOSTA was forced to stand handcuffed to a pole.

40. Plaintiffs were held in custody for less than 24 hours. Plaintiffs were then released with Desk Appearance Tickets.

41. Ms. ACOSTA was charged with Criminal Trespass in the Third Degree, P.L. § 140.10(a), requiring a later court appearance.

42. The charge against Ms. ELENA ACOSTA was dropped on or about November 20, 2012.

43. Mr. DARRELL ACOSTA was charged with Criminal Trespass in the Third Degree, P.L. § 140.10(a), and Trespass, P.L. § 140.05, requiring a total of approximately 17 court appearances.

44. The charges against Mr. DARRELL ACOSTA were dropped on or about March 10, 2014.

45. Mr. DEJESUS was charged with Criminal Trespass in the Third Degree, P.L. § 140.10(a), Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01(1), and Trespass, P.L. § 140.05, requiring a total of approximately 20 court appearances over the course of a year and a half.

46. Mr. ORLANDO DEJESUS finally received an Adjournment in Contemplation of Dismissal on or about May 21, 2014, and the charged were dismissed November 20, 2014.

47. The charges against plaintiffs were based on the falsified evidence of ANDREYEV and, upon information and belief, P.O. ALDO YUBINI.

48. P. O. JOHN DOE's 1-10 failed to intervene and / or were acting in concert with what was clearly an unconstitutional arrest and malicious prosecution of Plaintiffs.

49. As a result of their handcuffing and arrest, Plaintiffs experienced pain, suffering, mental anguish, and humiliation.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**
**(Against all Defendants)**

50. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. Defendants, under color of state law, subjected the plaintiffs to the foregoing acts and omissions, thereby depriving plaintiffs of their rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of their person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against them by police officers; (e) freedom from having police officers fabricate evidence against them; and,

52. Defendants' deprivation of plaintiffs' constitutional rights resulted in the injuries and damages set forth above.

**SECOND CLAIM FOR RELIEF**
**LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL**
**VIOLATIONS**
**(Against the City of New York)**

53. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

8

55. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. JOHN DOEs and ANDREYEV, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendant.

56. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

57. As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

[this portion intentionally left blank]

## JURY DEMAND

58. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

WHEREFORE, plaintiffs demand judgment against the defendants individually and jointly and prays for relief as follows:

a.  That they be compensated for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  That they be awarded punitive damages against the individual defendants; and

c.  That they be compensated for attorneys' fees and the costs and disbursements of this action; and

d.  For such other further and different relief as to the Court may seem just and proper.

Dated:          New York, New York
                July 29, 2015

                                    Respectfully submitted,

                        By:     _____
                                    Gillian Cassell-Stiga
                                    David B. Rankin
                                    Rankin & Taylor, PLLC
                                    *Attorneys for the Plaintiff*
                                    11 Park Place, Suite 914
                                    New York, New York 1007
                                    Ph: 212-226-4507

9